CRICHTON, J.,
additionally concurring.
| ,1 agree with the court’s decision to grant this writ application. However, I write separately to note that in State v. Touchet, 93-2839 (La.9/6/94), 642 So.2d 1213, this Court answered the very narrow question of whether and to what extent indigent defendants are entitled to ex parte hearings on their motions for state funding of expert witness services. The Court did not purport to create a general procedure by which indigent defendants can hide all of their filings from the public eye nor should it have. Adversarial proceedings are the norm in our system of criminal justice, United States v. Bagley, 473 U.S. 667, 675, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985), and ex parte proceedings the disfavored exception that may be invoked in good faith only in very limited circumstances. Cf. United States v. Arroyo-Angulo, 580 F.2d 1137, 1145 (2nd Cir.1978) (noting that closed proceedings “are fraught with the potential of abuse and, absent compelling necessity, must be avoided”). Here, the district court clearly erred in allowing defense counsel an extraordinary latitude that cannot be justified under any reasonable reading of Touchet I concur to emphasize that this practice, which according to defendant’s opposition has been used in at least three other capital cases, must, cease.